## El Pueblo, Demandante y Apelado, *v.* Paratze, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en causa por infracción de las ordenanzas municipales.

No. 703.—Resuelto en febrero 1, 1915.

Delito—Acto—Estatutos.—Ningún acto puede ser castigado como delito, a no ser que esté a la vez prohibido y castigado por estatuto.

Infracción Ordenanzas Municipales—Cierre de Establecimientos—Denuncia.—En el presente caso se imputó al acusado una infracción de la siguiente ordenanza: "Todos los establecimientos comerciales e industriales cuyo cierre ordena el artículo 553 del Código Penal, enmendado por la Ley No. 24, aprobada en 28 de marzo de 1914, podrán permanecer abiertos los domingos hasta las 12 m., siempre que las compras y ventas y a las atenciones de cualquier clase y condición en los mismos durante dicho medio día, se dediquen exclusivamente los dueños de dichos establecimientos, los interesados directamente en

los mismos y los representantes y apoderados en legal forma''; y *se resolvió:* que esta ordenanza es puramente permisiva en cuanto a su forma, y no penal; que no establece ninguna ofensa, ni define delito alguno.

Jueces de Paz—Jurisdicción.—Un juez de paz no tiene jurisdicción para conocer de una causa por infracción del artículo 553 del Código Penal, enmendado por la Ley No. 24, de marzo 28, 1914.

Los hechos están expresados en la opinión.

Abogado del Pueblo: Sr. *Salvador Mestre, Fiscal.*

El apelante compareció por escrito por medio de su abogado Sr. L. Yordán Dávila.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En 18 de mayo de 1914, se formuló una denuncia ante el Juez de Paz de Ponce imputando al acusado la comisión de un delito de ''infracción de ordenanzas municipales,'' cometido como sigue:

''Que en mayo de 1914, hora 9 a. m., y en la Plaza de las Delicias del Distrito Judicial Municipal de Ponce, P. R., el citado acu-. sado, voluntaria, ilegal y maliciosamente y a sabiendas a dicha hora tenía trabajando en una barbería que tiene de su propiedad en la Plaza de las Delicias a los empleados Agustín Colón y Antonio Trujillo actuando como oficiales de barbero en dicho establecimiento y contra la voluntad de éstos, infringiendo de este modo la sección 1ª. de la Ordenanza Municipal aprobada en 22 de abril de 1914.''

La sección 1ª. de la ordenanza de referencia está redactada en los términos siguientes:

''Sección 1ª.—Todos los establecimientos comerciales o industriales cuyo cierre ordena el artículo 553 del Código Penal, enmendado por la Ley No. 24 aprobada en 28 de marzo de 1914, podrán permanecer abiertos los domingos hasta las 12 m., siempre que a las compras y ventas y a las atenciones de cualquier clase y condición en los mismos durante dicho medio día se dediquen exclusivamente los dueños de dichos establecimientos, los interesados directamente en los mismos y los representantes y apoderados en legal forma.''

Apelado el caso a la corte de distrito el acusado formuló una excepción perentoria a la denuncia por el fundamento de que los hechos alegados en ella no constituyen un delito público por ser nula la ordenanza en cuestión en cuanto en

la misma se trata de establecer condiciones de acuerdo con las cuales se permite la apertura de establecimientos comerciales e industriales, por carecer de facultades el concejo municipal para legislar sobre esta materia.

Aunque el Fiscal se allanó a la excepción perentoria, la corte, sin embargo, la declaró sin lugar siendo de opinión de que no sólo no está en contravención la referida ordenanza con la Ley de marzo 28, 1914, que enmienda el artículo 553 y revalida el 554 del Código Penal, ni con ninguna otra ley vigente, sino que por el contrario es perfectamente compatible con la letra y el espíritu de la mencionada ley.

Después de tomar excepción a dicha resolución admitió el acusado ciertos hechos que no es necesario reproducir ahora, los cuales revelan una infracción de las condiciones establecidas por el concejo municipal en la sección que ha sido citada y que constituyen una limitación de las facultades en ella conferidas; y considerando la corte esa admisión como una alegación de culpabilidad, declaró culpable al acusado de una "infracción de ordenanzas municipales," y en tal concepto lo condenó por sentencia, que ha sido apelada para ante esta Corte Suprema.

Examinada la denuncia, según ha sido redactada, no encontramos en ella materia delictiva. Delito es "un acto cometido u omitido en violación de alguna ley que lo prohibe u ordena." Ningún acto puede ser castigado como delito a no ser que esté a la vez prohibido y castigado por el estatuto. La sección de la ordenanzá transcrita, la única de la cual tenemos conocimiento, no prohibe por sus términos ni castiga el acto imputado en la denuncia como tampoco ningún otro. Es puramente permisiva en cuanto a su forma y no penal. No establece ninguna ofensa. No define delito alguno.

Sin duda que si fuera invocada como defensa la ordenanza en una causa por infracción del artículo 553 del Código Penal, de cuya causa nunca podría conocer un juez de paz, por falta de jurisdicción para ello, el acusado tendría que probar el cumplimiento de las condiciones en ella impuestas, o excu-

sar su incumplimiento demostrando que tales condiciones eran nulas e ineficaces; pero si en este caso se le declara culpable y condena, no se le declarará culpable y castigará por infracción de la ordenanza, sino por el delito previsto en el Código Penal, o sea, por tener abierto un establecimiento en domingo que el código dispone que permanezca cerrado, a menos que una ordenanza municipal ordene que esté abierto.

En tal caso sería pertinente y esencial la cuestión relativa a la validez de la ordenanza. Pero este no es el caso. Según la consideración que hemos hecho acerca del particular, opinamos que en manera alguna está envuelta aquí la cuestión de la validez de la ordenanza y todo cuanto dijéramos en ese sentido sería meramente superfluo.

Por las razones anteriores debe revocarse la sentencia apelada.

*Revocada la sentencia apelada, absolviendo al acusado con las costas de oficio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.